UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GLASKER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV123-070 |
| | ) | |
| CHAD MANNING, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Glasker Jackson has filed a Complaint apparently arising from a dispute over insurance coverage.  *See* doc. 1 at 4.  Jackson has also moved to proceed *in forma pauperis*.  Doc. 2.  Because the Court is unable to conclude that Jackson is indigent, he must supplement his Motion to provide additional financial information.  Moreover, based on the limited allegations in the Complaint, the Court is concerned that it lacks subject matter jurisdiction over Jackson's claims.  He must, therefore, also file an Amended Complaint.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not

sufficient to relieve a plaintiff of her obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

In his application to proceed *in forma pauperis*, Jackson discloses monthly income of $1,145.00. Doc. 2 at 2. His disclosure of his monthly expenses is somewhat ambiguous. *See id.* at 4. He discloses expenses of $791.00 per month for housing, telephone, and food. *Id.* He also discloses $25.00 per month in utilities expenses. *Id.* He has noted that the $25.00 amount is for "each," perhaps referring to the form's examples of "electricity, heating fuel, water, sewer, and telephone." *Id.* However, he has disclosed telephone expenses separately and the Court is skeptical that a resident of Augusta, Georgia expends $25.00 per month for "heating fuel." Moreover, even assuming that Jackson intended to disclose $125.00 per month in utilities expenses, his total expenses would amount to $916.00. That would leave Jackson with more than $200 per month in discretionary income. If Jackson has that amount of discretionary income, he does not qualify to proceed *in forma pauperis*.

Jackson must, therefore, supplement his application to clarify his monthly expenses. The Clerk is **DIRECTED** to enclose a blank copy of Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)) with this Order for Jackson's convenience. Jackson is **DIRECTED** to submit his supplemental

3

application no later than July 5, 2023. He is advised that failure to comply with that direction may result in a recommendation that his case be dismissed. *See, e.g.,* Fed. R. Civ. P. 41(b).

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court has an "independent obligation to ensure that jurisdiction exists." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'"

(quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))). Plaintiff has not carried this burden.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. Jackson asserts that this Court has jurisdiction based on a federal question. *See* doc. 1 at 3. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Plaintiff has pointed to no federal statute or Constitutional provision that creates a cause of action in this case. *See* doc. 1 at 3. Even adopting a liberal reading of his Complaint, the Court cannot discern any federal statute that might be invoked by the alleged facts.[1] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro*

---

[1] Plaintiff's allegations in support of his claim are terse. He alleges, in toto, "Allstate refused to pay claim base on policies. Plaintiff needs surgery on back and left arm." Doc. 1 at 4. His request for relief suggests that Jackson may not even be a party to the insurance policy at issue. In his request he states: "Auto accident 6-4-21 Serra D. Hankerson T-bone Plaintiff causing serious." Doc. 1 at 4. It is unclear, therefore, whether the disputed policy is held by the alleged tortfeasor, Hankerson, or Jackson

5

*se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (internal quotations omitted)). Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

In order to establish diversity jurisdiction, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). Jackson has, at least facially, pleaded that the amount in controversy is sufficient for diversity jurisdiction. *See* doc. 1 at 4 ("Plaintiff surgery cost over 100,000"). However, to the extent that the Complaint alleges the parties'

---

himself, perhaps an uninsured or underinsured motorist provision in his own auto insurance policy. To the extent that a claim is discernable from those allegations, all the Court can determine is that Jackson disputes Allstate's interpretation of an unspecified provision of an unspecified insurance policy. "[A] suit on a contract of insurance is held to arise under the state law of contracts, and interpretation of insurance contracts is governed by the law of the place where the policy is delivered." *DeWayne v. GEICO Gen. Ins. Co.*, 2011 WL 13318788, at *2 (N.D. Ga. Oct. 27, 2011) (citations omitted). The vague implication of an insurance dispute, therefore, does not discharge Plaintiff's burden to plead a basis for the Court's jurisdiction.

6

citizenship,[2] it suggests that Defendant "Cupps"[3] is a Georgia citizen. *See id.* at 2, 4. There are no allegations concerning the citizenships of either Chad Manning or Allstate Insurance Company. *See generally id.* The Complaint, therefore, fails to adequately allege a basis for this Court's diversity jurisdiction.

Because Jackson has failed to plead any sufficient basis for this Court's jurisdiction, his pleading is subject to dismissal. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). However, he might amend his Complaint to possibly establish a basis for the Court's jurisdiction. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, Jackson is **DIRECTED** to file an Amended

---

[2] "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. [Cit.] A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks, citations, and alterations omitted).
[3] The Clerk discerned a claim against a "Richard Capps." *See* docket. The Complaint appears to list "Richard Cupps" as the defendant. *See* doc. 1 at 2.

7

Complaint no later than July 5, 2023.  The Clerk is **DIRECTED** to enclose a copy of Form Pro Se 1 (Complaint for Civil Case) for Jackson's convenience in preparing his amendment.  Jackson is advised that this amended complaint will supersede his original pleading—that is, it will replace the original pleading entirely—and therefore must be complete in itself.  *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).  He is further advised that failure to timely comply with this Order may result in dismissal of his case for failing to obey a court order or failure to prosecute this case.  *See* Fed. R. Civ. P. 41(b).

In summary, Jackson is **DIRECTED** to supplement his Motion to Proceed *in Forma Pauperis* and to submit an Amended Complaint alleging sufficient facts to support this Court's subject matter jurisdiction no later than July 5, 2023.  As discussed above, failure to submit **both** the supplement and the Amended Complaint timely may result in a

recommendation that this case be dismissed. *See, e.g.,* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 21th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA