UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GLASKER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV123-070 |
| | ) | |
| CHAD MANNING, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiff Glasker Jackson to supplement his application to proceed *in forma pauperis* and file an Amended Complaint to establish some basis for this Court's subject matter jurisdiction. *See generally* doc. 5. He has complied. *See* docs. 8 & 10. Since it appears that he lacks sufficient funds to pay the Court's filing fee, his request to proceed *in forma pauperis* is **GRANTED**. Docs. 2 & 10. Since, as explained below, his Amended Complaint shows that this Court lacks subject matter jurisdiction over the dispute, it should be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court

1

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court has an "independent obligation to ensure that jurisdiction exists." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))). Plaintiff has not carried this burden.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. Jackson asserts that this Court has jurisdiction based on a federal question. *See* doc. 1 at 3. Federal

question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).

Glasker's Amended Complaint alleges that he has been denied coverage under an insurance policy for injuries he suffered in a 2021 auto wreck. *See* doc. 8 at 6-7. He also alleges that an insurance agent, Defendant Richard Cupp, "discriminated against us [sic]," by withholding payment for treatment under the policy. *Id.* at 9-10. He expressly alleges that Cupp may be served at an address in Augusta, Georgia. *Id.* at 2. As discussed in more detail below, he seeks a declaration "that defendants has [sic] a duty to provide reasonable care and treatment under" the identified insurance policies and damages in "an amount to compensate for future medical and other expenses, for pain and suffering, general damages, compensatory damages, monetary damages." *Id.* at 11-12.

To the extent that Glasker seeks declaratory relief, he invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, as a basis for

federal question jurisdiction. *See* doc. 8 at 5. It is, however, well-established that "[a]n action under the Declaratory Judgment Act, does not, of itself, confer jurisdiction upon the federal courts; therefore, a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Sellers v. Nationwide Mut. Fire Ins. Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020) (internal quotation marks and citation omitted). The Amended Complaint also includes a bare citation to 28 U.S.C. § 1337. *See* doc. 8 at 5. That statute confers jurisdiction on federal courts of suits "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies . . . ." 28 U.S.C. § 1337(a). However, it is clear that "[i]n the absence of any other basis for jurisdiction, plaintiffs may not base federal subject matter jurisdiction on [that] statute[ ] standing alone." *Collins v. Tr. of Local 478 Trucking & Allied Indus. Pension Fund*, 487 F. Supp. 520, 526 (D.N.J. 1980). There is no other suggestion that any other constitutional or federal statutory claim is implicated. *See generally* doc. 8; *see also, e.g., Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 819 (11th Cir. 1985)

("The construction of insurance contracts is governed by substantive state law.").

In order to establish diversity jurisdiction, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). The Amended Complaint does not clearly allege that the amount in controversy is over the jurisdictional threshold. *See generally* doc. 8; *see also, e.g., id.* at 9-10 (alleging disputes over payments of approximately $1,200). There are no clear allegations concerning the parties' respective citizenships. Plaintiff appears to allege that he is a Georgia resident.[1] *See* doc. 8 at 3. He also appears to allege that Defendant "Cupp"[2] is a Georgia resident. *See id.* at 2. The only allegation apparently concerning Allstate Insurance

---

[1] "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. [Cit.] A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks, citations, and alterations omitted).

[2] The Clerk discerned a claim against a "Richard Capps." *See* docket. The Amended Complaint asserts claims against "Richard Cupp." *See* doc. 8 at 9.

5

Company is that it "is a foreign insurance company."[3] *Id.* There are no allegations concerning the citizenship of Chad Manning. *See generally id.* Since, to the extent that he alleges any parties' citizenship at all, Plaintiff appears to allege that both he and at least one defendant are Georgia citizens and fails to allege the amount in controversy, he fails to adequately allege a basis for this Court's diversity jurisdiction.

Because Jackson has failed to plead any sufficient basis for this Court's jurisdiction, the Amended Complaint should be **DISMISSED**. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

[3] To the extent that the allegation that Defendant Allstate is a "foreign" company is not conclusory, it alleges only that Defendant is not a citizen of Georgia. Such "negative" allegations of citizenship are routinely rejected as insufficient to establish diversity jurisdiction. *See, e.g., Newman v. Wal-Mart Stores East, L.P.*, 2023 WL 2435814, at *1 n. 1 (M.D. Fla. Feb. 28, 2023) ("[J]urisdiction cannot be properly alleged in the negative." (citing *AFC Franchising, LLC v. Purugganan*, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021))); *Cruz v. Burlington Coat Factory Warehouse Corp.*, 2023 WL 22026, at *2 (S.D. Ga. Jan. 3, 2023) ("A negative allegation of citizenship . . . is insufficient." (internal quotation marks and citation omitted)).

6

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 17th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA