UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GLASKER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV123-070 |
| | ) | |
| CHAD MANNING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 12), to which Plaintiff has not filed an Objection, but has submitted an Amended Complaint, (doc. no. 13). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

As this Court has recognized, an attempt to supplement a pleading in response to a report and recommendation, "is procedurally improper because Plaintiff did not seek leave of court . . . ." Coast v. Adams, 2023

WL 5208025, at *1 (S.D. Ga. Aug. 14, 2023). Even if the Court construed the submitted pleading as an objection to the Report and Recommendation, "[a]ttempts to amend pleadings through objections to reports and recommendations are improper." Carlton v. Core Civic, 2023 WL 4557736, at *2 (S.D. Ga. July 17, 2023). Thus, since the pleading that Jackson submitted is procedurally improper, the Court might simply disregard it.

Even if the Court considered Jackson's Amended Complaint, it does not address the jurisdictional defects identified by the Magistrate Judge. The Amended Complaint asserts, in a "post script," that this Court "has jurisdiction pursuant to 28 USC 1331, 28 USC 1332(a), and 28 USC 1337." (Doc. no. 13 at 12.) Two of those bases can be addressed quickly. As the Magistrate Judge previously explained, 28 U.S.C. § 1337 is not an independent basis for jurisdiction. (See doc. no. 12 at 4 (citing Collins v. Tr. of Local 478 Trucking & Allied Indus. Pension Fund, 487 F. Supp. 520, 526 (D.N.J. 1980)). The only federal statutes invoked in the Amended Complaint are 18 U.S.C. § 242 and 42 U.S.C. § 2000d. (Doc. no. 13 at 8.) The former, § 242, does not provide a private right of action. See, e.g., O'Berry v. State Attorneys Office, 241 F. App'x 654, 657 (11th

Cir. 2007) (affirming the district court's ruling that a private individual cannot bring an action under 18 U.S.C. §§ 241 and 242). The latter, § 2000d, prohibits discrimination, "on the ground of race, color, or national origin," in educational contexts. Cf. Elston v. Talladega Cnty. Bd. of Educ., 997 F.2d 1394, 1406-07 (11th Cir. 1993). Even supposing that statute had some application to insurance disputes, there is no suggestion of discrimination in the Amended Complaint. (See generally doc. no. 13.) There is, therefore, no apparent basis for federal question jurisdiction, pursuant to 28 U.S.C. § 1331. See, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

The Amended Complaint appears to be an attempt to address the Magistrate Judge's recognition that the prior pleading failed to adequately allege this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (See doc. no. 12 at 5-6.) It does clarify the citizenship of Defendant Allstate Insurance Company. (See doc. no. 13 at 1-2.) His

conclusory allegation that Defendant Manning "live[s] outside of the State of Georgia," (id. at 5), is insufficient, see 13E Arthur R. Miller, Federal Practice & Procedure § 3611 (3d ed. 2023) ("[A] negative statement that a party is not a citizen of a particular state usually [is not] sufficient . . ."). Again, the only allegations indicating Defendant Cupp's citizenship suggest that he, like Plaintiff, is a Georgia citizen. (See doc. 12 at 5; doc. 13 at 2.) If Cupp is a Georgia citizen, complete diversity is lacking, regardless of Allstate and Manning's citizenships. See, e.g. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Thus, even if the Court considered the Amended Complaint, it fails to establish diversity jurisdiction.

The Court, therefore, agrees with the Magistrate Judge's determination that Jackson's first Amended Complaint, (doc. no. 8), fails to adequately plead any basis for this Court's subject matter jurisdiction. The Report and Recommendation is, therefore, **ADOPTED**. (Doc. no. 12.) Jackson's Amended Complaint is **DISMISSED**. Jackson's second Amended Complaint, (doc. 13), is procedurally improper and fails to

establish any basis for this Court's subject matter jurisdiction, as explained above. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of September, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA